IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISETTE CAESAR** | : | CIVIL ACTION |
| **AND** | : | |
| **TAMIKA DASH** | : | |
| **AND** | : | |
| **CAROLYN RIVERS** | : | NO. |
| | : | |
| **PLAINTIFFS** | : | |
| **V.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **DEFENDANT** | : | |

## COMPLAINT – CIVIL ACTION

**I.   INTRODUCTION**

This is an action for damages sustained by Plaintiffs, Lisette Caesar, Tamika Dash and Carolyn Rivers as a direct and proximate result of the acts and omissions committed by the United States of America and its employees of the Bureau of Alcohol, Tobacco and Firearms as a direct and proximate result of the negligent and careless acts, and omissions committed by all of the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b)(1).

**II.   JURISDICTION & VENUE**

1. The Court has jurisdiction over the claims brought under 28 U.S.C. §2401(b).

2. Venue is proper in the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1391(b) because the cause of action upon which this Complaint is based arose in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

3. The Court has jurisdiction over the state law claims under 28 U.S.C. §1367 and the principles of pendant and ancillary jurisdiction.

4. Venue is further proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1402, because the causes of action upon which the claim is based arose in the City of Philadelphia, Pennsylvania, which is the Eastern District of Pennsylvania.

5. Plaintiffs have exhausted their administrative remedies claims set forth herein in accordance with the applicable interpreting case law.

6. Plaintiffs filed SF-95 forms dated September 17, 2024, related to their Complaints and injuries sustained on September 20, 2022, which were denied on April 9, 2025.

7. The instant suit is timely filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2401(b) in that it was presented to the appropriate federal agencies (United States Bureau of Alcohol Tobacco and Firearm) within six months of its denial.

### III. PARTIES

8. Plaintiff, Lisette Caesar, is an adult individual presently residing in the State of New York at 2501 Snyder Avenue, Unit 1A, Brooklyn, NY 11226.

9. Plaintiff, Tamika Dash, is an adult individual presently residing in the State of Massachusetts at 12 Goff Street, Hyde Park, MA 02136.

10. Plaintiff, Carolyn Rivers, is an adult individual presently residing in the State of Maryland, at 17010 Birch Leaf Terrace, Bowie, MD 20716.

11. The Defendant United States of America (hereinafter referred to as "United States"), which has acted through the Bureau of Alcohol, Tobacco and Firearms, which is an independent agency of the executive branch of the United States Federal Government.

12. At all times relevant and material, hereto, Defendant United States and its Bureau of Alcohol, Tobacco and Firearms acted by and/or through their agents, servants, workmen, contractors and/or employees who were acting within the course and scope of their employment and their authority.

13. Defendant United States is liable for the acts and omissions of their agents, servants, workmen, contractors and/or employees through the doctrines of vicarious liability and respondent superior.

14. The Defendant, United States is a sovereign entity, generally immune from suit. However, the United States has partially waived its sovereign immunity under the FTCA. Pursuant to the FTCA, the United States is liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

15. At all times relevant hereto, Hansel Martinez Melo (hereinafter referred to as "MELO") was operating a rideshare vehicle in question with the express and/or implied permission and as an agent, servant, and/or employee of Rasier LLC, Rasier-PA, LLC, Uber Technologies, LLC (hereinafter referred to as "UBER"), and at all times relevant hereto was operating said vehicle on their behalf and with their express permission to do so.

### IV.    FACTUAL ALLEGATIONS

16. On September 20, 2022, at approximately 4:30 pm, Plaintiffs, Lisette Caesar, Tamika Dash and Carolyn Rivers were all passengers in the UBER vehicle being operated by "MELO".

17. On the above date, time and location a United States owned vehicle being operated by members of the Bureau of Alcohol, Tobacco and Firearms was traveling southbound on South Christopher Columbus Boulevard at or near its intersection with Lombard Circle in the City of Philadelphia, Pennsylvania.

18. On the above date, time and location, "MELO," in the course and scope of his employment with "UBER", was also operating a motor vehicle southbound on South Christopher Columbus Boulevard at or near its intersection with Lombard Circle in the City of Philadelphia, Pennsylvania.

19. Due to the carelessness and negligence of Defendant United States, its vehicle suddenly and without warning forcefully struck the rear of the vehicle Plaintiff's were passengers in which vehicle had stopped suddenly.

20. As a result of the negligence of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, the Plaintiffs were injured.

21. This accident resulted from the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, and was due in no manner whatsoever to any act or failure to act on the part any of the Plaintiffs.

22. As a direct and proximate result of the negligence and carelessness of Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Lisette Caesar was caused to suffer and sustain severe and serious personal injuries and/or aggravations thereto including, but not limited to: Lumbar Radiculopathy, sprain of the left shoulder joint, injuries to her left arm and injuries to her left side, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss.

23. As a further direct and proximate result of the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Lisette Caesar has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future, all to her detriment, financial and otherwise.

24. As a further direct and proximate result of the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Lisette Ceasar has suffered physical pain, anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

25. As a further direct and proximate result of the negligence and careless of Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Lisette Caesar has been unable to attend to daily chores, and duties and may be unable to do so for an indefinite time in the future, all to her detriment, financial and otherwise.

26. As a further direct and proximate result of the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Lisette Caesar has or may hereafter incur other financial expenses or losses to which her may otherwise be entitled to recover.

27. As a direct and proximate result of the negligence and carelessness of Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Tamika Dash was caused to suffer and sustain severe and serious personal injuries and/or aggravations thereto including, but not limited to: Injuries to her head, injuries to her tongue, injuries to her entire right side, injuries to her shoulder, lumbar strain and sprain, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss.

28. As a further direct and proximate result of the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Tamika Dash has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future, all to her detriment, financial and otherwise.

29. As a further direct and proximate result of the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Tamika Dash has suffered physical pain, anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

30. As a further direct and proximate result of the negligence and careless of Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Tamika Dash has been unable to attend to daily chores, and duties and may be unable to do so for an indefinite time in the future, all to her detriment, financial and otherwise.

31. As a further direct and proximate result of the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Tamika Dash has or may hereafter incur other financial expenses or losses to which her may otherwise be entitled to recover.

38. As a direct and proximate result of the negligence and carelessness of Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Carolyn Rivers was caused to suffer and sustain severe and serious personal injuries and/or aggravations thereto including, but not limited to: Soft tissue swelling at the dorsal medial aspect of the mid to forefoot, cortical thickening at the plantar medial distal first metatarsal diaphysis, mild first MTP, sprain of ligaments of cervical spine, cervical strain and sprain, lumbar strain and sprain, pain in the left shoulder, cervicalgia, and vertebrogenic low back pain, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss.

39. As a further direct and proximate result of the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Carolyn Rivers has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such

sums and to incur such expenses for an indefinite period of time in the future, all to her detriment, financial and otherwise.

40. As a further direct and proximate result of the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Carolyn Rivers has suffered physical pain, anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

41. As a further direct and proximate result of the negligence and careless of Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Carolyn Rivers has been unable to attend to daily chores, and duties and may be unable to do so for an indefinite time in the future, all to her detriment, financial and otherwise.

42. As a further direct and proximate result of the negligence and carelessness of the Defendant United States, as well as, MELO AND UBER, jointly and/or severally, Plaintiff Carolyn Rivers has or may hereafter incur other financial expenses or losses to which her may otherwise be entitled to recover.

**WHEREFORE**, Plaintiffs demand compensatory damages against Defendant United States, as well as, MELO AND UBER, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiffs, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT I – NEGLIGENCE
### PLAINTIFFS V. UNITED STATES OF AMERICA

43. All the proceeding paragraphs are incorporated set-forth herein as referenced.

44. Plaintiff were injured as a result of the negligence and carelessness of Defendant United States, as well as, MELO AND UBER, jointly and/or severally, and was not due to any act or failure to act on the part of any of the Plaintiffs.

7

45. The Defendant United States, as well as, MELO AND UBER, jointly and/or severally, had a duty to operate the United Stated of America vehicle in a careful and lawful manner on the roadway.

46. In addition to the above, the carelessness and negligence of Defendant United States, as well as, MELO AND UBER, jointly and/or severally included, but was not limited to, committing and/or allowing to be committed the following:

   a. Failing to maintain control of a vehicle so as to bring it to a stop without colliding with another vehicle;

   b. Operating a vehicle improperly and/or unsafely on the roadway in violation of 75 Pa. C.S. §§ 3361 & 3714.

   c. Failing to observe safe driving practices under all the circumstances;

   d. Failing to exercise reasonable care under the circumstances;

   e. Continuing to operate a vehicle in a direction towards another vehicle when Defendant Skyler Behrend saw, or in the exercise of reasonable diligence should have seen, that further operation in that direction would result in striking the vehicle immediately in front of her;

   f. Operating a vehicle in a careless and negligent manner without regard for the safety of others, including Plaintiffs;

   g. Failure to travel at a safe distance; and

   h. Failure to maintain the assured clear distance ahead.

**WHEREFORE**, Plaintiffs demands compensatory damages against Defendant United States, as well as, MELO AND UBER, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiffs, plus interest, costs, attorney's fees, and all other appropriate relief.

**s/** *Renae B. Axelrod*  
Renae B. Axelrod, Esquire  
Abramson and Denenberg, P.C.  
1315 Walnut Street, Suite 500  
Philadelphia, PA  19107  
215.546.1345  
Email: raxelrod@adlawfirm.com  
*Attorney for Plaintiffs*

**s/** *Alan E. Denenberg*  
Alan E. Denenberg, Esquire  
Abramson & Denenberg  
1315 Walnut Street, Suite 500  
Philadelphia, PA  19107  
215.546.1345  
Email: adenenberg@adlawfirm.com  
*Attorney for Plaintiffs*

## **VERIFICATION**

The facts contained in the foregoing Pleading are true and correct to the best of the signers knowledge, information and belief; this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

*Lisette Caesar*
_____
Lissette Caesar

## **VERIFICATION**

The facts contained in the foregoing Pleading are true and correct to the best of the signers knowledge, information and belief; this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____
Tamika Dash

## VERIFICATION

The facts contained in the foregoing Pleading are true and correct to the best of the signers knowledge, information and belief; this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____
Carolyn Rivers (Aug 28, 2025 14:51:23 EDT)

Carolyn Rivers

9